**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1577**

WESTMORELAND COAL COMPANY,

Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; WILLIAM RAY SMITH,

Respondents.

On Petition for Review of an Order of the Benefits Review Board. (15-0154-BLA)

Submitted: November 30, 2017                    Decided: December 11, 2017

Before KING, SHEDD, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Paul E. Frampton, BOWLES RICE LLP, Charleston, West Virginia, for Petitioner. Joseph E. Wolfe, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia; M. Patricia Smith, Solicitor of Labor, Rae Ellen James, Associate Solicitor, Gary K. Stearman, Counsel for Appellate Litigation, Rita A. Roppolo, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Westmoreland Coal Company (Employer) seeks review of the Benefits Review Board's (Board) decision and order affirming the Administrative Law Judge's (ALJ) award of black lung benefits pursuant to 30 U.S.C. §§ 901-944 (2012). Employer argues, among other points, that the ALJ erred in discounting Dr. David Rosenberg's assessment of the significance of the $FEV_1$/FVC ratio in determining whether a miner suffers from smoke-induced or dust-induced chronic obstructive pulmonary disease (COPD). We placed this petition for review in abeyance for *Westmoreland Coal Co. v. Stallard*, ___ F.3d ___, No. 16-1460, 2017 WL 5769516 (4th Cir. Nov. 29, 2017). *Stallard* has issued, and Employer's petition for review is therefore ripe for disposition.

"Our review of a decision awarding black lung benefits is limited. We ask only whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the Board and ALJ are rational and consistent with applicable law." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (brackets, citation, and internal quotation marks omitted). "We evaluate the legal conclusions of the Board and ALJ de novo but defer to the ALJ's factual findings if supported by substantial evidence." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

In *Stallard*, we endorsed the ALJ's finding that "Dr. Rosenberg's hypothesis regarding $FEV_1$/FVC ratios runs directly contrary to the agency's own conclusions in this regard." *Stallard*, 2017 WL 5769516, at *5. We explained that the "Preamble cites various

2

studies indicating that coal dust exposure *does* result in decreased $FEV_1/FVC$ ratios" and that "[t]he Preamble is consistent with the corresponding regulation permitting claimants to demonstrate entitlement to Black Lung Act benefits based on a reduced $FEV_1/FVC$ ratio." *Id.* We also criticized Dr. Rosenberg's interpretation of studies predating the Preamble. *Id.* at *6. "Likewise," we determined that "the more recent studies" upon which Dr. Rosenberg relied "do not address black lung disease at all and thus offer little support for Westmoreland's argument that the ALJ erred in discrediting Dr. Rosenberg's opinion." *Id.* In light of *Stallard*, we conclude that the ALJ in this case did not err in discounting Dr. Rosenberg's theory that the etiology of a miner's COPD can be deduced through $FEV_1/FVC$ ratio patterns.

Finding no merit to Employer's remaining challenges to the ALJ's award of benefits, we deny the petition for review for the reasons stated by the Board. *Westmoreland Coal Co. v. Dir., Office of Workers' Comp. Programs*, No. 15-0154 BLA (B.R.B. Mar. 21, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*